IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CRYSTAL D. BOWERS, #10193-003,      :

    Plaintiff,                                                  :

vs.                                                                    :          CIVIL ACTION 08-0482-CG-N

CORRECTIONAL MEDICAL SERVICES, :

    Defendant.                                                :


REPORT AND RECOMMENDATION

    Plaintiff, a Baldwin County Corrections Center ("jail") inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. §1983.  This action has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.    Complaint (Doc. 1).

    The sole defendant in this action is Correctional Medical Services who is the medical provider at the jail.  (Doc. 1 at 6).  Plaintiff alleges that she suffered a miscarriage due to the defendant's malpractice and lack of adequate medical attention.  (Id.).  Plaintiff was incarcerated at the jail from February 26, 2008 until March 24, 2008, when she suffered her miscarriage.  (Id.).

    When plaintiff initially arrived at the jail, she informed defendant that she was pregnant, and she was given a pregnancy test, which was positive.  (Id. at 4).  After her

arrival her glucose levels began to increase steadily, but no attempt was made to control her glucose levels. (Id.). In contrast to this statement, plaintiff states that she had to take insulin in the prescribed amount. (Id.).

On March 2, 2008, plaintiff began to spot and cramp and was taken to the emergency room where the doctor told her that it was old blood. (Id.). The following week plaintiff was taken to an obstetrician in Bay Minette who recommended that the jail make an appointment for plaintiff with the high-risk clinic in her office. (Id.). An appointment was never made. (Id.).

On March 9, 2008 plaintiff was spotting heavier and cramping but was told by the medical staff and the correctional staff to get off her feet as this was normal for pregnant women. (Id. at 5). At this time her glucose levels were 300 to 520, but her insulin levels were not being adjusted. (Id.). It was only after her miscarriage that her insulin levels were adjusted. (Id.). Prior to her miscarriage the jail doctor allegedly would not see her, and nurse Smith allegedly told her that high glucose levels would not hurt her unborn baby. (Id.).

On March 24, 2008, plaintiff was standing in the uniform line when she began "gushing blood." (Id.). She was made to lie down for forty-five minutes before she was transported to the hospital by the jail staff. (Id.). Two ultrasounds were performed which determined that the baby had died. (Id.). Plaintiff then underwent a dilation and curettage procedure and recuperated in the hospital for two days. (Id.).

For relief, plaintiff wants procedures followed "according to stated law" and

defendant to be ordered to make restitution to plaintiff as the Court deems fair. (Id. at 8).

II.     Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding in forma pauperis, the Court is reviewing the complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).[1] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

In addition, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). In order to state a claim upon which relief can be granted, there must be "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)). "[W]hen the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" a claim is facially plausible. Id. Plausibility requires more than the possibility that the defendant

---

[1] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

engaged in unlawful conduct.  Id.  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of conduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'"  Id. at ___, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)(requiring that the statement of the claim show that the pleader is entitled to relief)).  Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at ___, 129 S.Ct. at 1949.  And when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is warranted.  Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21 (2007).

A pro se litigant's allegations are given a liberal construction by the Court.  Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596 (1972) (holding that a pro se litigant's allegations are held to a more lenient standard than the those of an attorney).  However, the Court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).  Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

III.   Discussion.

A review of plaintiff's allegations reflects that plaintiff is attempting to hold defendant Correctional Medical Service liable for the acts of its employees at the jail.

Under §1983 liability cannot be imposed against a defendant based on the acts of its subordinates. Iqbal, ___ U.S. ___, ___, 129 S.Ct. at 1948; see Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037 (1978) (a municipality cannot be held liable solely on the basis that it employed a tortfeasor). Moreover, no custom or policy can be discerned from plaintiff's allegations, which is the sole basis to impose liability against a corporate medical provider. Buckner v. Toro, 116 F.3d 450, 452-53 (11th Cir.) (finding that § 1983's municipality law is to be applied to a corporate medical provider), cert. denied, 522 U.S. 1018 (1997); see Monell, 436 U.S. at 695, 129 S.Ct. at 2038 ("[I]t is when execution of a government's policy or custom. . . . . inflicts the injury that the government as a an entity is responsible under § 1983.")

Although the loss of an unborn child is tragic, plaintiff's complaint has not alleged a claim against defendant, Correctional Medical Service, and the Court cannot rewrite a complaint for her. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993) ("[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [plaintiff]."). Accordingly, it is the recommendation of the undersigned that plaintiff's action against defendant Correctional Medical Service be dismissed with prejudice as frivolous as a matter of law.

IV.   Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous as a matter of law, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The attached sheet contains important information regarding objections to the Report and Recommendation entered this date.

DONE this 28th day of October, 2009.

                                            /s/ Katherine P. Nelson
                                            **KATHERINE P. NELSON**
                                            **UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.     **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.